UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CARLOS E. FREIRE      PLAINTIFF

v.      CIVIL ACTION NO. 3:11CV-360-S

CEVA LOGISTICS U.S., INC., et al.      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Carlos E. Freire, to remand this race and national origin discrimination case to the Jefferson County, Kentucky, Circuit Court (DN 7). Freire has stipulated that his damages in the case are less than $75,000.00.

The defendant, Ceva Logistics U.S., Inc. objects on the ground that *Rogers v. Wal-Mart Stores, Inc.* 230 F.3d 868 (6th Cir. 2000) precludes the plaintiff from obtaining a remand based upon an after-removal stipulation to damages under the jurisdictional limit of this court.

*Rogers* is distinguishable from the case at bar. In *Rogers*, the plaintiff sought to reduce the amount of damages claimed, contradicting his previous sworn answers to interrogatories upon which removal had been based. Here, the complaint did no specify an amount in controversy nor were damages otherwise established prior to removal. Thus the stipulation "clarifies [Freire's] claim rather than reducing it." *Baldori v. Delta Airlines, Inc.*, 2011 WL 1212069 (W.D.Mich. March 29, 2011).[1]

---

[1] *See also Roberts v. A & S Building Systems, L.P.* 2008 WL 220627 (E.D.Tenn. Jan. 25, 2008); *Stratton v. Konecranes, Inc.*, 2010 WL 2178544 (E.D.Ky. May 28, 2010) which find that *Rogers, supra.* has effectively been abrogated by *Powerx Corp. v. Reliant Energy Services*, 551 U.S. 224, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007) which stated that "a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." *Id.* at 232.

Therefore, this action must be remanded to state court as the court lacks diversity jurisdiction. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 24, 2011

**Charles R. Simpson III, Judge
United States District Court**